UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MICHAEL JOHN MODENA,

               Plaintiff,                     Case No. 1:12-cv-208

v.                                           Honorable Paul L. Maloney

UNITED STATES OF AMERICA et al.,

               Defendants.

_____/

## OPINION

       This is a civil rights action brought by a federal prisoner.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed as legally and factually frivolous.

**Factual Allegations**

Plaintiff Michael John Modena presently is incarcerated with the Federal Bureau of Prisons and housed at the Federal Correctional Institution in Ray Brook, New York (FCI Ray Brook). In his *pro se* complaint, Plaintiff sues the United States of America and the Federal Bureau of Prisons. He also sues United States Attorney General Eric Holder, Ray Brook Warden (unknown) Perdue, and certain unknown United States Marshals.

On November 18, 2009, Plaintiff was convicted in this Court of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g). He was sentenced on March 16, 2010 to a prison term of 72 months followed by 3 years of supervised release. In his complaint, Plaintiff alleges that he was improperly transferred by Defendants to FCI Ray Brook, where he is being illegally housed. In support of his contention, Plaintiff cites an unpublished order of the United States District Court for the Northern District of New York. *See United States v. Hernandez-Fundora*, No. 93-CR-0020, 1995 U.S. Dist. LEXIS 22557 (N.D.N.Y. Sept. 27, 1995) (Ex.1 to Compl., Page ID#11.) In that order, the judge granted the dismissal of a criminal indictment on the grounds that FCI Ray Brook is not within the "territorial jurisdiction" of the United States within the meaning of 18 U.S.C. § 7(3). *Id.* Plaintiff also claims that FCI Ray Brook flies a Canadian flag. Plaintiff argues that he is falsely imprisoned because he did not consent to be imprisoned, much less to be falsely imprisoned in a "foreign" territory. (Compl., 4, docket #1, Page ID#4.)

For relief, Plaintiff seeks compensatory damages.

**Discussion**

I.      Frivolousness

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzk*e, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99. An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

**A.      Immunity**

Plaintiff sues the United States of America and the Federal Bureau of Prisons in his complaint. As a sovereign power, the United States may be sued only to the extent that it has consented to suit by statute. *United States Dep't. of Energy v. Ohio*, 503 U.S. 607, 615 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "Sovereign immunity is a jurisdictional

doctrine, and the terms of the United States' 'consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Mottaz*, 476 U.S. 834, 841 (1986) ("When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction.") (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Waivers of sovereign immunity must be strictly construed in favor of the sovereign, and may not be enlarged beyond what the language of the waiver requires. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *see also Bowen v. City of New York*, 476 U.S. 467 (1986); *Block v. North Dakota*, 461 U.S. 273, 287 (1983).  Thus, the doctrine of sovereign immunity holds that the United States, and its agencies and instrumentalities – including the Federal Bureau of Prisons ("BOP") – are immune from suit, unless a waiver of such immunity has been "expressed unequivocally" by Congress.  *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Mitchell*, 445 U.S. at 538.

Congress has not waived the sovereign immunity of the United States Government, or its agencies, for claims that their employees have violated the Constitution. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 410 (1971). Thus, sovereign immunity bars Plaintiff's claims against the United States and the Federal Bureau of Prisons.  Because these Defendants clearly are immune, the claims against the United States and the Federal Bureau of Prisons are legally frivolous.

### B.      Merits

Plaintiff's claim of false imprisonment by Defendants is both legally and factually frivolous.  Plaintiff contends that he should not have been transferred to FCI Ray Brook because it is outside the jurisdiction of the United States.  Plaintiff makes two central allegations to support his claim. First, he claims that, as a factual matter, because the facility flies a Canadian flag, the institution must be outside the jurisdiction of the United States.  Second, he argues that the facility does not fall within the definitions of the "[s]pecial maritime and territorial jurisdiction of the United States," as described in 18 U.S.C. § 7.

Plaintiff's factual allegation about the flying of a Canadian flag is wholly and completely irrelevant to establishing whether the facility is within the jurisdiction of the United States.  By Plaintiff's own admissions, the facility is located within the State of New York, which is within the geographical borders of the United States.

In addition, Plaintiff's reliance on 18 U.S.C. § 7 is legally frivolous.  The provision is applicable only to describe federal admiralty and maritime jurisdiction over navigable waters and vessels and jurisdiction over extraterritorial buildings or facilities used by the United States; it does not purport to describe or encompass the whole of the territory over which the United States may exercise its jurisdiction.  In fact, for purposes of the criminal provisions of Title 18 of the United States Code, the term "United States" is separately defined in 18 U.S.C. § 5:

> The term "United States", as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone.

*Id.*   Those who commit offenses against the United States are punishable, whether acting as principals or aiders and abettors.  18 U.S.C. § 2.  It is beyond dispute that Plaintiff was properly

convicted under a valid United States criminal statute for conduct that occurred within the United

States.  He also was sentenced to serve a term of imprisonment under the supervision of the United

States Bureau of Prisons.  Since being delivered by the United States Marshals to the custody of the

Bureau of Prisons, Plaintiff has continuously been in the custody of the Bureau of Prisons, and he

has been transferred to various prisons managed by the Bureau of Prisons.  Plaintiff now has been

transferred to a prison operated by the Bureau of Prisons and located within the State of New York.

In sum, there exists no jurisdictional issue under 18 U.S.C. § 7 or any other statute.

Further, Plaintiff's assertion that he did not consent to being housed at FCI Ray Brook

is wholly irrelevant to his present prison placement.  Plaintiff's pseudo-legalistic invocations of

contract law have no bearing on his continued incarceration with the Bureau of Prisons following

his conviction for a violation of federal law.  Moreover, to the extent Plaintiff suggests that he is

entitled to be transferred back to the Milan Correctional Facility (FCI Milan), the Supreme Court

repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility

or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983);

*Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976).[1]

In sum, Plaintiff's allegations are wholly without merit, and his complaint will be

dismissed as frivolous.

---

[1]The instant action is one of more than two dozen cases filed by Plaintiff during his incarceration, several of which have challenged his transfers to various Bureau of Prison facilities.  Most of those actions were dismissed without prejudice because Plaintiff failed to comply with the Court's orders to either pay the filing fee or to file the documents necessary to proceed *in forma pauperis*.  In one prior action, however, the Court dismissed for immunity and failure to state a claim Plaintiff's challenge to his transfer from the low-security FCI Milan facility in Michigan to a medium-security facility in Talladega, Alabama. *See Modena v. United States of America et al.*, No. 1:10-cv-911 (W.D. Mich. July 7, 2011).  The instant action appears to be another futile attempt by Plaintiff to be returned to FCI Milan.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: April 5, 2012                         /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             Chief United States District Judge